# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JAMES CHARLES FUDGE,         *
ADC #78875                     *
                                *
           Plaintiff,       *
v.                          *        No. 5:09-cv-00004-SWW-JJV
                                *
JOE PAGE, Captain, Varner Unit, Arkansas  *
Department of Correction; *et al.,*      *
                                *
          Defendants.     *

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Before the Court is Defendants' First Motion for Summary Judgment (Doc. No. 51). Plaintiff filed a Response (Doc. No. 54), and Defendants filed a Reply (Doc. No. 56).  Then Plaintiff filed a Supplemental Response (Doc. No. 57) and Defendants filed a Reply (Doc. No. 58), objecting to the Supplemental Response as untimely, replete with hearsay, and an inappropriate response to the summary judgment Motion.

Plaintiff, James Fudge, is a state inmate at the Varner Super Max Unit (VSM) of the Arkansas Department of Correction (ADC).  He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging use of excessive force, denial of access to the courts, denial of due process and equal protection, and retaliation, based on incidents which occurred from April 26, 2008 to July 2008.  Plaintiff asks for monetary and injunctive relief from Defendants.

## II.     PLAINTIFF'S CLAIMS

Plaintiff's Complaint concerns three events.  First, he alleges excessive force by Capt. Page on April 26, 2008 at VSM.  Second, he alleges that improper procedures were used during the disciplinary proceedings held on May 21, 2008 by Hearing Officer Hill.  Plaintiff also alleges due

process and equal protection violations by Defendants Harris, Manus, Fair, Minor, and Gibson in conjunction with this disciplinary.  Third, Plaintiff alleges he was improperly deprived of a mattress by Lt. Glasscock at MSU following Plaintiff's release from punitive isolation.

## III.   SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See  Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A.   Excessive Force Claim

According to his Complaint (Doc. No. 2) and deposition testimony (Doc. No. 51-1), Plaintiff was in Administrative Segregation (Ad Seg) at VSM on April 26, 2008.  His cell had a solid door with a trap door through which meals and other items could be passed.  The trap door was opened, locked, and unlocked by guards from the outside.  On April 26, 2008, guards delivered several newspapers to Plaintiff and unlocked Plaintiff's trap door to allow him to stack the unwanted papers outside his cell.  While Plaintiff was placing papers outside of his cell, Capt. Page slammed the trap

door shut and caught Plaintiff's fingers.  Plaintiff cried out in pain, but Page continued to shut the door forcefully with a metal bar used to lock the trap door.  Plaintiff then yelled that his fingers were caught and Page opened the trap door and released Plaintiff's fingers.  Page called for the nurse, who examined Plaintiff's fingers, wiped them with alcohol, and gave him a three-day supply of Tylenol.  The nurse also told Plaintiff to apply a cold towel to his fingers and request sick call if his fingers were not better the next morning.

In the Complaint, he states his fingers were bleeding and bruised (Doc. No. 2, p. 5).  In his deposition, he stated his fingers were not bleeding but were blue under the nails (Doc. No. 51-1, p. 28).  In his Affidavit, Plaintiff denies being treated by the nurse after the incident, and claims he suffered "extreme pain, swelling and bruises and bleeding." (Doc. No. 57, p. 4).  Plaintiff admitted in his deposition that he did not submit a sick call request after the incident.

Plaintiff claims Capt. Page used unnecessary, excessive force in slamming the trap door shut.  He believes that Page saw him placing papers through the trap door and "common judgment" required Page to warn Plaintiff he was going to shut the door.  (Doc. No. 51-1, p. 74).  However, Plaintiff admits that at the time Page closed the trap door, Plaintiff's hand was not visible to someone outside the cell.  (Doc. No. 51-1, p. 75).

Defendants put forth a different version of events.  After the incident, Page wrote a disciplinary against Plaintiff, charging him with tampering with the locking device on the trap door and failing to obey a verbal or written order (Doc. No. 51-3).  Plaintiff used a battery to block the trap door from closing, and when Page removed the battery and closed the trap door, Plaintiff placed his fingers in the trap in an attempt to remove the battery himself.  Plaintiff was found guilty of the disciplinary charges, and received 30 days of commissary and telephone restrictions.  (Doc. No. 51-3, p. 16).

Defendants argue that Plaintiff's excessive force claim should be dismissed because Page

4

used minimal force to restore order and did not apply force "maliciously or sadistically to cause harm." *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997), quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).   Defendants also state that the absence of a serious injury to the Plaintiff is relevant to determining the amount of force used and whether the force was considered necessary. *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).   In addition, "an inmate that complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins, supra,* 130 S.Ct. at 1178, quoting *Hudson, supra*, 503 U.S. at 9.   Finally, the prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson, supra*, 503 U.S. at 9, quoting *Whitley v. Albers,* 475 U.S. 312, 327 (1986).

Defendants believe the undisputed facts show that the force Page used was reasonable under the circumstances and applied in good faith.   According to Page's affidavit (Doc. No. 51-3), inmates often tamper with the locking systems of the trap doors, which poses a critical security risk to staff members.   In addition, he stated inmates may engage in trafficking and trading with other inmates through unlocked doors.   Page further states he approached Plaintiff's cell, removed the battery used to hold the trap door open, and closed the trap door, as Plaintiff stuck his fingers in the door.   Page then immediately opened the door and released Plaintiff's fingers.

Defendants further state Plaintiff's claim should be dismissed because he suffered, at the most, a *de minimis* injury.   Page arranged for the nurse to examine Plaintiff's fingers, and the Condensed Health Services Encounter report prepared after the incident provides that Plaintiff's fingertips had no swelling, redness, warmth or pain with movement.   (Doc. No. 51-3, Ex. D).

The parties provide differing accounts of the events on April 26, 2008.   However, even if the Court gives credence to Plaintiff's version of the facts, the Court finds that as a matter of law the

excessive force claim should be dismissed.

The Eighth Amendment protects inmates from the "unnecessary and wanton infliction of pain," which is considered cruel and unusual punishment. *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000). In determining such a claim, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins, supra*, 130 S.Ct. at 1178, quoting *Hudson, supra*, 503 U.S. at 7. The absence of serious injury is not to be considered irrelevant, but should be considered as one factor in determining whether the "use of force could plausibly have been thought necessary" in the particular situation, and how much force was applied. *Wilkins, supra*, 130 S.Ct. at 1178, quoting *Whitley*, *supra*, 475 U.S. at 321. The Court in *Wilkins* also noted that *de minimis* uses of force are excluded from constitutional recognition, provided that "the use of force is not of a sort repugnant to the conscience of mankind." *Id.*

In this particular case, even accepting Plaintiff's version of facts as true, the Court finds Plaintiff fails to support an excessive force claim against Defendant Page. Although Plaintiff states that Page knew his trap door was open and that he had been shoving papers out the door, he provides no support for this contention. More importantly, Plaintiff provides no evidence to support a finding that Page used force in a malicious or sadistic effort to cause harm. He opened the trap door as soon as Plaintiff told him his fingers were caught, and he immediately called the nurse. The medical report of the incident indicates no injury to Plaintiff's fingers and he never filed a sick call request for further treatment. Therefore, the Court concludes the type of force used by Page was not "repugnant to the conscience of mankind," and did not constitute excessive force in violation of the Eighth Amendment. *See Jones, supra,* 207 F.3d at 496.

## B.      Improper Disciplinary Proceedings Claim

On May 21, 2008, Grievance Officer Hill (VSM) charged Plaintiff with forging Officer

Milburn's signature on the grievances he submitted at VSM prior to his transfer to MSU. (Doc. No. 51-6, p. 1). A hearing was conducted at MSU on June 2, 2008, with Hearing Officer Minor presiding. Minor found Plaintiff guilty and sentenced him to 30 days of punitive isolation and reduced his class. (Doc. No. 51-6, p. 10). Plaintiff believes Minor relied on false "eye witness" testimony in finding him guilty, and that it was improper for him to be convicted at MSU on a charge filed by someone he never met at VSM.

Plaintiff alleges that the procedures followed during the May 21, 2008, disciplinary charge and conviction violated his due process and equal protection rights for several reasons. Plaintiff alleges he has never met Defendant Hill, and she filed the disciplinary against him at the VSM while he was at the MSU. He further alleges that the June 2, 2008, hearing was flawed because it was outside the time allowed by ADC policy and procedure and Defendant Minor relied on false eye witness testimony to convict him. Plaintiff also alleges that Mrs. Fair (MSU Warden's secretary) and Deputy Warden Manus (MSU) violated his rights by transferring his appeal from MSU to VSM, where it "vanished." (Doc. No. 2, p. 8). Finally, Plaintiff alleges that Warden Harris (VSM) wrongfully disposed of the appeal and Hearing Officer Gibson wrongfully denied Plaintiff's appeal based on Harris' misconduct.

Defendants argue that Plaintiff fails to state a procedural due process claim because he received notice of the charges and was afforded a timely hearing. Plaintiff attended the hearing where he offered a statement and then was provided written reasons for the guilty findings. Defendants state his disciplinary conviction was supported by "some evidence," which included copies of Plaintiff's own grievances, a copy of Officer Milburn's handwriting, and the statement of the charging officer, Defendant Hill. (Doc. No. 51-6). In addition, Defendants argue that inmates do not have a constitutional right to a prison grievance procedure, *citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991), and an allegation regarding violation of a prison policy does not rise to the level

of a constitutional claim. *See Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

The Court first finds the law is clear that allegations of violations of policies and procedures do not support a constitutional claim. *Kennedy*, supra, 100 F.3d at 643. In addition, failure to process a grievance does not rise to the level of a constitutional violation. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Furthermore, Plaintiff's claim for damages for an alleged false disciplinary charge fails under *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck*, the court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged or called into question by issuance of a federal writ of habeas corpus. This holding in *Heck* was extended to disciplinary situations where inmates lose good time credits, in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The United States Court of Appeals for the Eighth Circuit first applied this principle in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).[1] In *Sheldon*, the prisoner "mailed a letter to an inmate-produced publication at another prison. In the letter's postscript, Sheldon had written, "We have your [expletive] warden Thomas E. Hundley, ... you could have kept him." *Id.* at 232. Prison officials seized the letter, convicted Sheldon, and sentenced him to 15 days of disciplinary detention and 16 days of lost good conduct time. *Id.* Sheldon filed a §1983 action claiming the prison officials involved in his disciplinary proceeding had violated his First Amendment rights. The district court dismissed Sheldon's case and, on appeal, the Eighth Circuit affirmed the dismissal pursuant to the Supreme Court's holding in *Heck.* The court held "a prisoner cannot bring a § 1983

---

[1]The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards*.

claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id*. In so holding, the Eighth Circuit stated that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." *Id*. at 233, citing *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The Eighth Circuit also rejected Sheldon's argument that *Heck* only barred restoration of his good time credit and not his separate claim for monetary damages. *Id*. The court determined that Sheldon's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." *Id*. at 234. Thus, Sheldon's § 1983 civil rights action was premature "until the state or a federal habeas court has invalidated the disciplinary result." *Id*. at 233, citing *Miller v. Indiana Dep't of Corrections*, *supra* at 331, and *Heck v. Humphrey, supra* at 489. Hence, the dismissal was "one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." *Id*.

The United States Court of Appeals for the Eighth Circuit reiterated this analysis more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). Prison officials convicted Portley-El in a prison disciplinary proceeding, and sentenced him to 30 days in segregation, plus forfeiture of 45 days of good time credit. *Id*. at 1064. He filed a § 1983 civil rights action claiming violations of his due process and equal protection rights during the course of his disciplinary proceeding. As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages." *Id*. at 1064-1065. On appeal, the Eighth Circuit concluded the district court had properly dismissed plaintiff's claim for restoration of his good time credit. *Id*. at 1066, citing *Preiser*

*v. Rodriguez, supra*, and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991). The Court further affirmed the dismissal of plaintiff's claims for money damages, observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted], quoting *Edwards v. Balisok, supra* at 486.

Portley-El argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the Court rejected this distinction as irrelevant and held "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id.*, quoting *Heck v. Humphrey, supra* at 486. The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id.* Instead, proper inquiry is whether or not the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id.*, citing *Edwards v. Balisok, supra* at 647.

In this particular case, Plaintiff is challenging the result of the disciplinary process, and seeks to have this Court overturn the disciplinary conviction. Plaintiff also asks for damages for his allegedly wrongful conviction. Therefore, the Court finds that Plaintiff's claim for damages is barred by *Heck, supra*.

In addition, the Court also finds that Plaintiff's due process challenges to the disciplinary conviction do not state a claim, because due process requirements are satisfied if Plaintiff's conviction was supported by "some evidence." *See Goff, supra*, 991 F.2d at 1440 n.5. In addition, with respect to both disciplinary charges, Plaintiff received timely notice of the charges and timely

hearings, plus the opportunity to be present and to make a statement in his defense. Even if Plaintiff claims the disciplinaries were filed against him in retaliation, he does not specify the act about which Defendants retaliated. To the extent that Plaintiff alleges a denial of equal protection, he does not allege that he is a member of a protected class or that Defendants treated him differently from others similarly situated. *See Klinger v. Dep't of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).

Finally, the Court finds that Plaintiff's allegations cannot support a substantive due process claim. Inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation, unless they are subjected to "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In addition, Plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" *Kennedy, supra,* 100 F.3d at 642.

### C.  Deprivation of Mattress Claim

Plaintiff alleges that, upon his release from punitive isolation at MSU, Lt. Glasscock placed him in an Ad Seg cell without a mattress. Glasscock told Plaintiff he could not locate a mattress at the time, which was in the evening, and that someone from the laundry would provide one the next morning. As a result, Plaintiff claims he was forced to sleep that night without a mattress, in violation of his constitutional rights.

Defendants argue that a temporary denial of a mattress does not state a constitutional claim because he was not denied "the minimal civilized measures of life's necessities." *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1995) (no constitutional violation where an inmate was denied underwear, blankets, a mattress, exercise and visits for four days); *See also Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995) (placement in a strip cell without clothes, mattress and water for four days not unconstitutional).

The Court finds Defendants' argument and supporting law persuasive. While the Court does

not take lightly the obvious discomfort Plaintiff experienced, under the law such a deprivation is not

actionable.  The one-night denial of a mattress simply does not support a constitutional deprivation

or denial of "the minimal civilized measures of life's necessities," as set forth in *O'Leary, supra*.

Therefore, this claim should be dismissed.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants' First Motion for Summary Judgment (Doc. No. 51) be GRANTED; and

2.      Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this <u>8th</u> day of February, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE